(Reap. Dec. 9849)

UNITED CHINA & GLASS COMPANY v. UNITED STATES

Entry No. 1410, etc.

(Decided November 23, 1960)

*Stein & Shostak* for the plaintiff.
*George Cochran Doub*, Assistant Attorney General, for the defendant.

OLIVER, Chief Judge: The appeals for reappraisement enumerated in schedule "A," hereto attached and made a part hereof, are before me for decision on a written stipulation, reading as follows:

IT IS HEREBY STIPULATED AND AGREED by and between counsel for the respective parties hereto, subject to the approval of the Court, as to the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule of Cases, that, at the time of exportation to the United States, the prices at which such or similar merchandise was freely offered for sale to all purchasers in the principal market of the country from which exported in the usual wholesale quantity and in the ordinary course of trade for exportation to the United States, including the cost of containers and coverings of whatever nature and all other costs, charges and expenses incident to placing the merchandise in condition packed ready for shipment to the United States were the appraised values less additions made to meet the advances by the Appraiser in similar cases covering the nondutiable so-called f.o.b. charges for inland freight, insurance premium, storage, hauling and lighterage, petties, etc., added by the importer on entry.

IT IS FURTHER STIPULATED AND AGREED that there were no higher foreign values for merchandise such or similar to the merchandise covered by the Appeals for Reappraisement enumerated in the attached Schedule of Cases, at the time of exportation thereof.

IT IS FURTHER STIPULATED AND AGREED that the merchandise and issues involved in the said Appeals for Reappraisement are similar in all material respects to the merchandise and issues involved in *Frank P. Dow Co., Inc. a/c United China & Glass Co. et al.* v. *United States*, Reap. Dec. 9609, and *T. D. Downing Co. a/c United China & Glass Co.* v. *United States*, V.D. 99, wherein the Court held that the export value as defined in Sec. 402(d) of the Tariff Act of 1930 was the proper basis for the determination of the value of the involved merchandise, and that such values were the appraised values, less additions made to meet the advances by the Appraiser in similar cases covering the non-dutiable so-called f.o.b. charges for inland freight, insurance premiums, storage, hauling and lighterage, petties, etc., added by the importer on entry.

IT IS FURTHER STIPULATED AND AGREED that the Appeals for Reappraisement enumerated in the attached Schedule of Cases may be deemed submitted for decision on the foregoing stipulation.

On the agreed facts, I find that the proper basis for appraisement of the merchandise in question is export value, as defined in section 402(d) of the Tariff Act of 1930, and hold that such statutory value therefor is the appraised values, less additions made to meet advances by the appraiser in similar cases covering the nondutiable so-called f.o.b. charges for inland freight, insurance premium, storage, hauling and lighterage, petties, etc., added by the importer on entry.

Judgment will be rendered accordingly.